**E-FILED on** _9/27/05_

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER PETER KAZAS,<br><br>    Petitioner,<br><br>    v.<br><br>J.A. WOODFORD,<br>Director, California Department of Corrections<br><br>    Respondent. | No. C-04-04280 RMW<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>**[Re Docket No. 1, 2]** |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his incarceration for second degree murder conviction. Because petitioner has not exhausted the state remedies available to him, the petition is DISMISSED.

**I. BACKGROUND**

On April 22, 2001, Petitioner ran a red light when trying to flee from a California Highway Patrol officer. His vehicle collided with a van and killed its driver and injured the driver's wife. Petitioner was tried before a jury in the Superior Court of California, Sonoma County for second degree murder and other charges. Two theories of malice for the second degree murder charge were advanced by the prosecution. One theory required actual awareness and wanton disregard of risk to life. Another was second degree felony murder which did not require proof of malice but required proof of an inherently dangerous felony.

On April 15, 2002, the jury convicted petitioner of second degree murder but did not specify which theory they relied on. Petitioner was sentenced to fifteen years to life for second degree murder, together

1  with four years for felony drunk driving and three years for felony hit-and-run, which was to run
2  concurrently with the 15-years-to-life sentence.

3  Petitioner filed this petition after an unsuccessful appeal to the Court of Appeal of California and
4  Petition for Review to the California Supreme Court. Petitioner challenges his conviction for second degree
5  murder based on a change in California law.

## II. DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). However, a writ shall not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1).

### B. Petitioner's Claim

As the ground for federal habeas relief, petitioner asserts that petitioner's rights to due process and a fair trial, under the 5th, 6th, and 14th amendments of the Constitution, have been violated by his conviction for a non-malice type of second degree murder based on petitioner's violation of California Vehicle Code Section 2800.2, which has been held by the California Supreme Court not to be an inherently dangerous felony for purpose of the second degree felony-murder rule. *See People v. Howard*, 34 Cal. 4th 1129 (2005).

The petitioner's claim may have merit. Petitioner was charged of second degree murder based on two theories: (1) willful and wanton disregard of risk to life, and (2) second degree felony murder. It was not clear under which theory petitioner was convicted of second degree murder. As a basis for second degree felony murder, the alleged inherently dangerous felony committed by petitioner was the violation of California Vehicle Code section 2800.2 by fleeing or attempting to elude a pursuing peace officer and driving the pursued vehicle in a willful or wanton disregard for the safety of persons or property. However, the California Supreme Court held in *Howard* that violation of section 2800.2 is not an inherently dangerous felony. *Howard*, 34 Cal. 4th at 1129. Thus, the California Supreme Court has abolished one of the possible grounds on which petitioner was convicted. *Howard* was decided while this petition was

pending. Therefore, to the extent that petitioner's conviction was based on the felony murder rule, there may be grounds for overturning his conviction.

### C. Exhaustion of State Remedy

However, this court finds that Petitioner has not exhausted his state remedies. A writ for habeas corpus in a district court must be denied if the applicant has not exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254 (b)(1). A petitioner has not met the exhaustion requirement if, after unsuccessful appeals, there is a change in law and a state remedy is available. *Blair v. California*, 340 F.2d 741, 745 (9th Cir. 1965). Under California law, post-appeal habeas corpus relief is available to raise an issue that has been raised and rejected on direct appeals where there is a change in law that affects the petitioner. *In re Harris*, 5 Cal. 4th 813, 841 (1993).

In this case, the new California Supreme Court ruling in *Howard* has changed the law relating to whether the violation of section 2800.2 is an inherently dangerous felony for purpose of the second degree felony murder rule, one of the possible theories on which petitioner's conviction was based. Thus, petitioner can still file a habeas corpus petition in a California state court even although petitioner's appeals prior to the intervening law change have been rejected.

"Where a state prisoner has not exhausted his state court remedies before applying for a federal writ of habeas corpus, the district court may usually either dismiss the application for that reason, or hold it in abeyance while affording the applicant a reasonable opportunity to exhaust his state court remedies." *Blair,* 340 F.2d at 745. In this case, petitioner's application is largely based on the interpretation and application of California law, a question that should be resolved by a California court. Therefore the court dismisses petitioner's habeas petition.

### III. CONCLUSION

Because petitioner has not exhausted state remedies available to him, his petition for writ of habeas corpus to this court is dismissed without prejudice to refiling if petitioner is unsuccessful in his state court proceedings based upon a change in law. Petitioner's application to proceed in forma pauperis is denied as moot.

DATED:      9/27/05                                         /s/ Ronald M. Whyte
                                                            RONALD M. WHYTE
                                                            United States District Judge

1 | **Notice of this document has been electronically sent to:**
2 | **Counsel for Petitioner:**
3 | Rommel Bondoc                              sdm819@sbcglobal.net
4 |
5 | Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.
6 |
7 | **Dated:**        9/27/05                          /s/ MAG
8 |                                                     **Chambers of Judge Whyte**

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS — C-04-04280 RMW
WH/MAG                                              4