**E-FILED on** ___8/22/07___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER PETER KAZAS, | No. C-04-04280 RMW |
| Petitioner, | ORDER GRANTING RELIEF FROM JUDGMENT; ORDER TO SHOW CAUSE |
| v. | **[Re Docket No. 7]** |
| J.A. WOODFORD, Director, California Department of Corrections | |
| Respondent. | |

    Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his incarceration for second degree murder conviction. On September 27, 2005, this court dismissed the petition without prejudice, finding that petitioner had not exhausted the state remedies available to him. On that date, the court also entered judgment against petitioner, dismissing his petition without prejudice. Petitioner now seeks relief from that judgment, asserting that the court should have instead stayed the action pending exhaustion of his available state remedies. For the reasons set forth below, the court grants petitioner's motion for relief and orders respondent to show cause why a writ of habeas corpus should not be granted.

### I. BACKGROUND

    On April 22, 2001, Petitioner ran a red light attempting to flee from a California Highway Patrol officer. His vehicle collided with a van and killed its driver and injured the driver's wife.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS — C-04-04280 RMW
MAG

1  Petitioner was tried before a jury in the Superior Court of California, Sonoma County for second
2  degree murder and other charges.  Two theories of malice for the second degree murder charge were
3  advanced by the prosecution.  One theory required actual awareness and wanton disregard of risk to
4  life.  Another was second degree felony murder which did not require proof of malice but required
5  proof of an inherently dangerous felony.

6  On April 15, 2002, the jury convicted petitioner of second degree murder but did not specify
7  which theory they relied on.  Petitioner was sentenced to fifteen years to life for second degree
8  murder, together with four years for felony drunk driving and three years for felony hit-and-run,
9  which were to run concurrently with the 15-years-to-life sentence.

10  Petitioner filed this petition after an unsuccessful appeal to the Court of Appeal of California
11  and Petition for Review to the California Supreme Court.  His petition for writ of habeas corpus
12  before this court challenges his conviction for second degree murder based on a change in California
13  law.  The court determined that petitioner had not exhausted his claim based on a California
14  Supreme Court decision, *People v. Howard*, 34 Cal. 4th 1129 (2005), decided while his conviction
15  was being appealed.  As set forth above, petitioner asks the court to grant relief from its judgment
16  dismissing the petition without prejudice.

## II. DISCUSSION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B.  Petitioner's Claim

As the ground for federal habeas relief, petitioner asserts that his rights to due process and a fair trial, under the 5th, 6th, and 14th amendments of the Constitution, have been violated by his conviction for a non-malice type of second degree murder based on petitioner's violation of

1  California Vehicle Code Section 2800.2, which has been held by the California Supreme Court not
2  to be an inherently dangerous felony for purpose of the second degree felony-murder rule. *See*
3  *People v. Howard*, 34 Cal. 4th 1129 (2005).

4        The petitioner's claim appears to have merit. Petitioner was charged of second degree
5  murder based on two theories: (1) willful and wanton disregard of risk to life, and (2) second degree
6  felony murder. It was not clear under which theory petitioner was convicted of second degree
7  murder. As a basis for second degree felony murder, the alleged inherently dangerous felony
8  committed by petitioner was the violation of California Vehicle Code section 2800.2 by fleeing or
9  attempting to elude a pursuing peace officer and driving the pursued vehicle in a willful or wanton
10  disregard for the safety of persons or property. However, the California Supreme Court held in
11  *Howard* that violation of section 2800.2 is not an inherently dangerous felony. *Howard*, 34 Cal. 4th
12  at 1129. Thus, the California Supreme Court has abolished one of the possible grounds on which
13  petitioner was convicted. Therefore, to the extent that petitioner's conviction was based on the
14  felony murder rule, there may be grounds under *Howard* for overturning his conviction.

15      **C.**    **Exhaustion of State Remedy**

16        In this case, the California Supreme Court ruling in *Howard*, handed down after the petition
17  was filed in this case, changed the law relating to whether the violation of section 2800.2 is an
18  inherently dangerous felony for purpose of the second degree felony murder rule.[1] Prior to this
19  court's dismissal of the action but after the denial of his original appeal, petitioner filed a petition for
20  habeas corpus in Sonoma County Superior Court. The Superior Court issued an order denying the
21  writ on August 19, 2005, holding that *Howard* is not retroactive. Petitioner subsequently filed a
22  petition at the California Court of Appeal, which likewise denied the petition, citing *LaRue v.*
23  *McCarthy*, 833 F.3d 1140 (9th Cir. 1987), which held that the failure of California courts to give
24  retroactive application to a decision that a felony murder conviction cannot be based on predicate
25  felony of child abuse did not violate defendant's constitutional rights to equal protection and due
26  process. *Id.* at 143. Finally, on September 30, 2005, following this court's dismissal without

---

28      [1] Petitioner asserts that *Howard* did not change California Supreme Court law, because the Court merely applied its own precedent and did not overrule or distinguish any of its prior cases.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS — C-04-04280 RMW
MAG                              3

1  prejudice of petitioner's federal habeas petition, petitioner filed for habeas relief from the California
2  Supreme Court. On November 15, 2006, that court denied the petition without comment.

3        The court finds that petitioner has now exhausted his claim based on *Howard*. To avoid any
4  question regarding the statute of limitations for bringing a federal habeas petition on this claim, the
5  court grants petitioner's motion for relief from judgment. The court vacates its September 27, 2005
6  judgment dismissing the petition without prejudice and orders respondent to show cause why the
7  petition for writ of habeas corpus should not be granted.

## III. CONCLUSION

9        For the foregoing reasons, petitioner's motion for relief from judgment is granted. The clerk
10  shall reopen the case.

11        Further, respondent is ordered to show cause why petitioner's petition for a writ of habeas
12  corpus, filed on October 8, 2004 as supplemented on January 31, 2005, should not be granted.

13      **1.**    The clerk shall serve by mail a copy of this order and the petition and all attachments
14            thereto upon the respondent and the respondent's attorney, the Attorney General of
15            the State of California.

16      **2.**    Respondent shall file with the court, within sixty days of the issuance of this order, an
17            answer conforming in all respects to Rule 5 of the Rules Governing Section 2254
18            Cases, showing cause why a writ of habeas corpus should not be granted.
19            Respondent shall file with the answer a copy of all portions of the state record that
20            have been transcribed previously and that are relevant to a determination of the issues
21            presented by the petition. If petitioner wishes to respond to the answer, he shall do so
22            by filing a traverse within thirty days of the filing of the answer.

23      **3.**    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
24            as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
25            Section 2254 Cases within sixty days of the issuance of this order. If respondent files
26            such a motion, petitioner shall file with the court an opposition or a statement of non-

1  opposition within thirty days of the filing of the motion, and respondent shall file
2  with the court a reply within fifteen days of the filing of any opposition.
3
4  DATED:  8/22/07                          *Ronald M Whyte*
5                                            RONALD M. WHYTE
                                             United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Rommel Bondoc                    sdm819@sbcglobal.net

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     8/22/07                              /s/ MAG
                                      **Chambers of Judge Whyte**