**E-FILED on**    2/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER PETER KAZAS,<br><br>            Petitioner,<br><br>      v.<br><br>J.A. WOODFORD,<br>   Director, California Department of Corrections<br><br>            Respondent. | No. C-04-04280 RMW<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY<br><br>**[Re Docket No. 10]** |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his second degree murder conviction. For the reasons stated below, the court denies the petition but grants a certificate of appealability.

## I. BACKGROUND

On April 22, 2001, petitioner ran a red light while fleeing from the California Highway Patrol. His vehicle collided with a van and killed the van's driver and injured the driver's wife. Petitioner was tried in the Superior Court of California, Sonoma County for second degree murder and other charges. At trial the prosecution advanced two theories in support of the second degree murder charge: implied malice and felony murder. The felony murder charge was based on violation of California Vehicle Code Section 2800.2. Section 2800.2 provides:

> (a) If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction,

> shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year . . . .
>
> (b) For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs.

On the night in question, petitioner, while being chased by the California Highway Patrol, committed more than three traffic violations that were assigned a point count. (He drove at 60 miles per hour in 45 and 40 mile-per-hour zones, drove through two stop signs without stopping, and ran a red light.)

On April 15, 2002, the jury convicted petitioner of second degree murder without specifying whether they relied on the implied malice theory or the felony-murder theory. Petitioner was sentenced to fifteen years to life for second degree murder, together with four years for felony drunk driving and three years for felony hit-and-run, which was to run concurrently with the fifteen-years-to-life sentence.

Petitioner filed this petition after an unsuccessful appeal to the Court of Appeal of California and petition for review to the California Supreme Court. His petition challenges his conviction for second degree murder based on a California Supreme Court decision, *People v. Howard*, 34 Cal. 4th 1129 (2005), that was decided after his conviction was final. In *Howard*, the California Supreme Court held that violation of Californica Vehicle Code Section 2800.2 was not an inherently dangerous felony for the purpose of the felony-murder rule.

On September 27, 2005, this court denied the petition without prejudice because petitioner had not exhausted his claim in state court. Petitioner exhausted his state claim and filed a motion for relief from judgment. On August 22, 2007, the court granted petitioner relief from judgment and issued an order for respondent to show cause why the petition should not be granted.

## II. DISCUSSION

### A.  Standard for Habeas Relief

The court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423

U.S. 19, 21 (1975).  The court may grant the writ only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For a state court's decision to be contrary to clearly established federal law, it must apply a rule that contradicts the governing law set forth in Supreme Court cases, or confront a set of facts that are materially indistinguishable from a Court decision and nevertheless arrive at a different result from Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).  A state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The court cannot grant a habeas petition as being an "unreasonable application" of federal law merely because, in its opinion, the law was incorrectly applied in a case. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).  Rather, the state court's application of federal law must be "objectively unreasonable" in order to justify granting the petition. *Id.*  The review of state court decisions is highly deferential, and state court decisions should be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

**B.     Petitioner's Claims**

Petitioner asserts that his right to due process and a fair trial, under the Fifth, Sixth, and Fourteenth Amendments of the Constitution, were violated by his 2002 conviction for second degree murder, which may have been based on his violation of California Vehicle Code Section 2800.2.  In 2005, the California Supreme Court held that violation of Section 2800.2 did not constitute an inherently dangerous felony for the purpose of the felony-murder rule. *Howard*, 34 Cal. 4th at 1139. In California, felony-murder requires a "homicide that is a direct causal result of the commission of a felony inherently dangerous to human life." *Id.* at 1135.  Thus, if violation of Section 2800.2 was not an inherently dangerous felony at the time of petitioner's conviction, then petitioner's due process right to have every element of the charged crime proved beyond a reasonable doubt would have been violated because the jury could have convicted him of second degree murder based on a

nonexistent theory of felony-murder. *Suniga v. Bunnell*, 998 F.2d 664, 669-70 (9th Cir. 1993). "Where two theories of culpability are submitted to the jury, one correct and the other incorrect, it is impossible to tell which theory of culpability the jury followed in reaching a general verdict." *Id.* at 670.

In this case, because petitioner's conviction was final before the *Howard* decision was issued, the parties dispute whether violation of Section 2800.2 constituted an inherently dangerous felony at the time of petitioner's conviction. If the *Howard* decision was merely a clarification of already existing law at the time of petitioner's conviction, rather than a change in law, then violation of Section 2800.2 did not constitute an inherently dangerous felony at the time of petitioner's conviction, and petitioner's due process rights were violated. *See Fiore v. White*, 531 U.S. 225, 228-29 (2001) (finding violation of petitioner's due process rights where state supreme court decision issued after conviction "merely clarified" state law at the time of the conviction). On the other hand, if the *Howard* decision was a change in law, the question that remains is when the law changed – whether this change was before or after petitioner's conviction. *Bunkley v. Florida*, 538 U.S. 835, 841-42 (2003). If the change in law occurred before petitioner's conviction, petitioner's due process rights were violated. If the change occurred after petitioner's conviction, a state court's decision not to apply a change in state law retroactively to petitioner's case does not violate petitioner's federal constitutional rights. *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973); *La Rue v. McCarthy*, 833 F.2d 140, 142 (9th Cir. 1987). The dispositive inquiry, therefore, is: (1) whether the *Howard* decision was a clarification or a change in law, and (2) if the *Howard* decision was a change in law, whether the change occurred before or after petitioner's conviction.

The California Supreme Court did not state, in the *Howard* opinion, whether its decision was merely a clarification as opposed to a change in law. The language in the opinion suggests that the decision was merely a clarification of the long-established felony-murder doctrine. The Court applied what it characterized as "our long-established decisions holding that the [felony-murder] rule applies only to felonies that are inherently dangerous in the abstract" to California Vehicle Code Section 2800.2.

1    Nonetheless, the California Supreme Court denied petitioner's habeas corpus petition, which was based on the *Howard* decision. Prior to denying the petition, the California Supreme Court had specifically requested that the Attorney General address the effect of *Howard* on petitioner's claims, among other issues. The Attorney General submitted an informal response, which appeared to presume that the *Howard* decision was a change in law and argued that *Howard* has no effect on petitioner's claims because *Howard* does not apply retroactively. In his reply to the informal response, petitioner argued, in part, that the *Howard* decision was not a change in law and merely applied settled precedent. Consequently, the California Supreme Court was squarely presented with the question of whether the *Howard* decision was a change in law or merely clarification of existing law. Though the Court issued a summary denial without any explanation, such a denial constitutes a decision on the merits. *La Rue*, 833 F.2d at 143. In light of the presumption that state courts know and follow the law, *Woodford*, 537 U.S. at 24, the California Supreme Court's rejection of petitioner's petition on the merits signals the Court's determination that *Howard* was a change in law, the Court's determination that the change in law occurred after petitioner's conviction, and the Court's decision not to apply *Howard* retroactively. *See La Rue*, 833 F.2d at 143 (holding that the California Supreme Court's summary denial of petitioner's habeas petition was a decision not to apply certain cases retroactively).

Because a state court's decision not to apply a change in state law retroactively does not violate federal constitutional rights, *Wainwright*, 414 U.S. at 23-24; La Rue, 833 F.2d at 142, the state court's ruling did not result in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

### III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (effective December 1, 2009). As discussed above, though the language in the *Howard* opinion suggests that the decision was merely a clarification of existing law, rather than a change in law, the California Supreme Court's denial of petitioner's habeas petition implies the opposite.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS — C-04-04280 RMW
CCL                                      5

Because the California Supreme Court's denial was a summary denial lacking explicit findings or reasoning (and the California Court of Appeal's one-sentence denial sheds little additional light on the Court's reasoning), petitioner has made a substantial showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is granted.

## IV.  ORDER

For the foregoing reasons, the petition for writ of habeas corpus is denied, and a certificate of appealability is hereby issued.

DATED:     2/8/10

_____
RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Rommel Bondoc          sdm819@sbcglobal.net

4
5  **Counsel for Defendants:**

6  Lisa Helena Ashley Ott     lisa.ott@doj.ca.gov

7

8  Counsel are responsible for distributing copies of this document to co-counsel that have not
9  registered for e-filing under the court's CM/ECF program.

10

11 **Dated:**   2/8/10                                         CCL
                                                     **Chambers of Judge Whyte**